**Diane GOINS, Administratrix of Bessie Mae Sheppard, Deceased, Plaintiff-Appellant,**

v.

**The CLOROX COMPANY; Boyle-Midway Household Products, Inc., Defendants-Appellees.**

No. 90-5676.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 24, 1991.

Decided Feb. 26, 1991.

Steven Oberman, Daniel & Oberman, Jerrold L. Becker (argued), Lockridge & Becker, Knoxville, Tenn., for Diane Goins.

Joseph N. Clarke, Jr., Stephen P. Parsons (argued), Wagner, Myers & Sanger, Knoxville, Tenn., for the Clorox Co.

Johanna J. McGlothlin, Foster D. Arnett, Arnett, Draper & Hagood, Knoxville, Tenn., for Boyle–Midway Household Products, Inc.

Before MARTIN and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Diane Goins, who is the administratrix of her mother Bessie Mae Sheppard's estate, appeals the district court's grant of summary judgment to the defendants, the Clorox Company and Boyle–Midway Household Products, Inc., in this products liability action predicated on Tennessee diversity jurisdiction. We affirm.

On January 23, 1988, Mrs. Bessie Mae Sheppard was visiting the home of her friend, Mrs. Barbara Large, in Lenoir City, Tennessee. While at Mrs. Large's home, Sheppard and Large attempted to clear a clogged drain in the kitchen. Sheppard began this effort because she had some previous experience and had helped her former husband in his plumbing business. The two first attempted to clear the drain using a plunger. When this failed, they poured Drano and Liquid Plumr, a product manufactured by Clorox, into the drain. The drain remained clogged, so they added Sani–Flush, a toilet bowl cleaner manufactured by Boyle–Midway Household Products, Inc. Mrs. Sheppard first sprinkled a small number of Sani–Flush crystals into the drain; a small puff of smoke appeared, prompting Mrs. Large to suggest that they leave the sink alone. Sheppard persisted, however, and while attempting to add a few more crystals she inadvertently allowed a "big glob" of Sani–Flush to enter the drain. A large cloud of grey smoke immediately arose from the drain, burning the lungs of both women and driving them from the house. Mrs. Sheppard, who suffered from a pre-existing respiratory condition, was unable to regain her normal breathing pattern and later died at a local emergency room of cardiac arrest.

Ms. Goins filed suit in the Eastern District of Tennessee. On her own behalf, Ms. Goins claimed that the defendants' defective products deprived her of the society and companionship of her mother. As a representative of the estate of her mother, Goins alleges that the defendants proximately caused her mother's death by failing to provide adequate labels or warnings on the packaging of the products at issue. Specifically, she claims that the labels provided were not adequate to appraise the consumer of either the nature or the severity of the risk involved in using the defendants' products. Although the precise language of the labels is impossible to determine because the containers were not available, the district court accepted Goins's submission of photocopied labels of other Liquid Plumr and Sani–Flush containers.

The lower court dismissed Ms. Goins's action in her individual capacity for failure to state a claim upon which relief could be granted. Ms. Goins concedes this point without appeal. The court also granted summary judgment to the defendants on the claims brought on behalf of Mrs. Sheppard's estate. The court found that the

plaintiff could not carry her burden of showing proximate causation between her mother's injury and the allegedly defective labels because both labels explicitly warned of the danger at issue, (The Liquid Plumr container cautions, "Do not use with toilet bowl cleaners ... release of hazardous gases may occur," while the Sani–Flush packaging warns of "harmful fumes"), and because the plaintiff had presented no proof that her mother had ever read those labels. Ms. Goins appeals the grant of summary judgment alleging that the district court erred in not presenting the question of inadequate labeling to jury, claiming that a material question of fact exists as to proximate causation.

As always, we apply a *de novo* standard when reviewing a grant of summary judgment. *EEOC v. University of Detroit*, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment should be granted only if, based on the record as a whole and viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact. *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986). Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint. *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986).

■■■■ As we look to Tennessee law on this subject, we find a fairly stiff standard. The plaintiff bears the burden of establishing that a product was in a defective condition or otherwise unreasonably dangerous by reason of the manufacturer's failure to provide an adequate warning informing users of the dangers of that product. *Higgs v. General Motors Corp.*, 655 F.Supp. 22, 23 (E.D.Tenn.1985), *aff'd. sub nom. Thomas v. Subaru of America, Inc.*, 815 F.2d 80 (6th Cir.1987); *Young v. Reliance Electric Company*, 584 S.W.2d 663, 668 (Tenn.Ct.App.1979). Whether a warning is adequate is usually a question for the jury unless reasonable minds could not disagree on the outcome. *Young*, 584

S.W.2d at 668. To be considered adequate, Tennessee requires a warning to be "one calculated to bring home to a reasonably prudent user of the product the nature and the extent of the danger involved in using the product." *Evridge v. American Honda Motor Corp.*, 685 S.W.2d 632, 636 (Tenn.1985) (quoting *Trimble v. Irwin*, 59 Tenn.App. 465, 473, 441 S.W.2d 818, 822 (1968)). The Tennessee Products Liability Act of 1978 further provides that:

> Compliance by a manufacturer or seller with any federal or state statute or administrative regulation existing at the time the product was manufactured and prescribing standards for ... labeling, warning or instructions for use of a product, shall raise a rebuttable presumption that the product is not in an unreasonably dangerous condition in regard to the matters covered by these standards.

TENN.CODE ANN. § 29–28–104 (1980).

■■■■ As we view Tennessee law, even if a plaintiff is able to establish that a product is unreasonably dangerous by reason of a defective warning, this alone is not enough to establish liability. The plaintiff must also prove that the inadequate labeling proximately caused the claimed injury. *Browder v. Pettigrew*, 541 S.W.2d 402, 405 (Tenn.1976). The district court granted summary judgment because it found that plaintiff could not satisfy this second prong of labeling liability. The court did not address the issue of the adequacy of labels themselves. We agree plaintiff has failed to establish that these products were unreasonably dangerous, and need not reach the issue of proximate causation.

Pursuant to FED.R.CIV.PRO. 56(e), defendants included affidavits with their motions for summary judgment establishing certain facts about the labels included on their products. Boyle–Midway's brief was accompanied by the statement of Richard Carter, Director of Advertising, Toxicology, and Regulatory Affairs for Boyle–Midway. Mr. Carter's affidavit established that the labeling of Sani–Flush is subject to, and controlled by, the provisions of the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136 *et seq.*, as well

as by the Environmental Protection Agency. Mr. Carter stated that the warning label included on the Sani–Flush container had been approved by the EPA, and was in full compliance with all applicable federal standards. A similar affidavit was submitted by Clorox in which A.K. Reddy, Manager of the Product Safety and Regulatory Compliance Department of Clorox, stated that Liquid Plumr warning labels are prescribed by, and comply with, the Federal Hazardous Substance Act, 15 U.S.C. §§ 1261(p) and 1263(a), and the regulations promulgated thereunder.

The plaintiff introduced no evidence to challenge defendants' compliance with any of these federal regulations. Therefore, as we noted under TENN.CODE ANN. § 29–28–104, defendants are entitled to a rebuttable presumption that their products are not unreasonably dangerous.

Having established the existence of the statutory presumption, Rule 56(e) entitles the defendants to summary judgment unless the plaintiff can come forward with sufficient evidence to rebut this presumption. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (if movant's motion is properly supported, summary judgment required unless non-movant can "make a showing sufficient to establish the existence of an element essential to that party's case"). Here the plaintiff has failed. There was no fact or opinion submitted which would establish a material issue necessary to rebut the statutory presumption of the adequacy of the Liquid Plumr or Sani–Flush warnings. Rather, plaintiff rested solely upon the allegations in her complaint that those warnings were inadequate. This is insufficient under Rule 56(e) which states:

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading; but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

With nothing offered to rebut the evidence offered by defendants, we see no issue of contested fact and affirm.