966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence HANNER, Plaintiff-Appellant,
v.
M.P.W. STONE, Secretary of the Army, Defendant-Appellee.
 No. 92-1157.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals the district court's summary judgment for defendant in this action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lawrence Hanner filed a complaint seeking to compel defendant to disclose information regarding disciplinary actions taken against him and an award of damages for defendant's failure to produce the documents which he had requested. Hanner is a former employee of the U.S. Army Tank Automotive Command (TACOM) in Warren, Michigan. Defendant is Secretary of the Army.
 
 
 3
 Hanner requested all laws, rules and regulations used to support each charge of misconduct which led to his discharge. He specified that each factual allegation must be produced in conjunction with the corresponding charge and relevant rule or regulation. He complained that the information provided by defendant did not conform to his request because it failed to show the corresponding relationships. Hanner further alleged that an attorney for defendant, one Paul Vitrano, had admitted to him that certain information had been withheld.
 
 
 4
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 There exists no genuine issue of material fact. Hanner contended that defendant had not responded to his requests and that Paul Vitrano admitted as much to him. In support of the motion for summary judgment, defendant submitted copies of the documents provided to Hanner and affidavits that Vitrano had made no admission and that Hanner had been given full access to his employment files. Hanner's assertions to the contrary are insufficient to defeat a motion for summary judgment. See Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir.1991).
 
 
 6
 Defendant is entitled to judgment as a matter of law. Hanner complained that the information provided by defendant did not conform to his request because it failed to show the corresponding relationships between rules and regulations and the allegations of misconduct. His assertion lacks merit because the FOIA does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it has in fact created. See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 152 (1980); NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 161-62 (1975).
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.