NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0036n.06

Case No. 22-1356

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>JESSICA MAXWELL, as a daughter and personal executor for the Estate of Robert C. Maxwell, deceased, et al.,</td><td>)<br>)<br>)<br>)</td><td rowspan="4">ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN</td></tr>
<tr><td>    Plaintiffs-Appellants,</td><td>)<br>)</td></tr>
<tr><td>v.</td><td>)<br>)<br>)</td></tr>
<tr><td>FCA US, LLC; DOES 1–25,</td><td>)<br>)</td><td>O P I N I O N</td></tr>
<tr><td>    Defendants-Appellees.</td><td>)<br>)</td><td></td></tr>
</table>

FILED

Jan 18, 2023

DEBORAH S. HUNT, Clerk

Before: SILER, COLE, and NALBANDIAN, Circuit Judges.

COLE, Circuit Judge. Robert Maxwell lost his life in a motor vehicle collision in Mississippi on August 20, 2015. Robert's daughter, Jessica Maxwell, and other family members then sued FCA US, LLC for various product-liability claims hinging on an alleged design defect in Robert's Chrysler minivan. FCA moved for summary judgment, and the district court granted the motion. Maxwell now appeals that decision. Because the district court correctly determined that the absence of a material factual dispute as to any essential element of Maxwell's claims entitled FCA to summary judgment, we affirm.

## I. BACKGROUND

In August 2014, Robert Maxwell purchased a 2008 Chrysler Town and Country Minivan. Several months later, FCA sent two letters to Robert's home, notifying him of a potential defect in the minivan's ignition ("Recall Notice"). The Recall Notice stated, in relevant part:

> The Wireless Ignition Node (WIN) Module on your vehicle may have unintentional movement of the Frequency Operated Button Ignition Key (FOBIK) from the "ON"

to the "Accessory" position while driving. This could cause unintended engine shut off and increase the risk of a crash.

 (Recall Notice, R. 51-7, PageID 580.)

The Recall Notice further provided that the defective components would be replaced free of charge by the customer's Chrysler dealer. It is unclear whether Robert's minivan ever received the free repair.

Tragedy struck on August 20, 2015, as Robert was driving southbound on I-55 in or near DeSoto County, Mississippi. The weather was clear and dry that day. Robert was not driving erratically, and there was no indication that he was intoxicated or asleep. But after passing a United Parcel Service carrier without incident, Robert's minivan crashed into the backend of a stationary tractor trailer. Robert was fatally injured and died before he could be transported to a hospital.

The minivan was towed to a salvage facility. Later, Robert's son-in-law, Craig Williams, inspected the vehicle and captured video and photographs. The photographs show that the ignition was in the "Accessory" ("ACC") position with no key in place. Williams testified at a deposition that he found the missing key fob under the driver's seat.

In August 2018, Jessica Maxwell, Robert's daughter and executor of his estate, along with several other family members (collectively "Maxwell"), filed this lawsuit against FCA and unidentified individuals ("Does 1–25"), alleging wrongful death based on defective design, product liability based on defective design, breach of implied warranty of fitness, and negligent recall; the negligent recall claim was later abandoned, as were the claims against the Does. Common to all remaining claims was the theory that the defective ignition module and key fob described in the Recall Notice caused Robert's vehicle to malfunction, resulting in the fatal crash.

FCA moved for summary judgment, arguing that, with respect to all remaining claims, there was no evidence that Robert's car had the alleged defect, there was no reasonably safe

alternative design, and there was no evidence that a defect caused the crash. FCA produced expert reports stating that the ignition and key fob could not have moved to the positions they were found in post-crash while Robert was driving, and that even if they had, this malfunction would not have caused the crash because the brakes remained operational. Maxwell produced an expert declaration stating that the fob "may" have dislodged during the crash or that the ignition and fob "may" have malfunctioned while Robert was driving, causing the crash.

The district court granted FCA summary judgment on all of the remaining claims, reasoning that Maxwell had failed to adduce any evidence as to causation or the "feasible alternative design" requirement. Maxwell now appeals.

## II. ANALYSIS

### A. Legal Standard and Governing Law

A grant of summary judgment is reviewed de novo. *Zakora v. Chrisman*, 44 F.4th 452, 464 (6th Cir. 2022). Summary judgment is proper where there is no genuine dispute of any material fact, entitling the movant to judgment as a matter of law. Fed. R. Civ. P 56(a). In reviewing a grant of summary judgment, we take the evidence and reasonable inferences therefrom in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once the movant demonstrates an absence of disputed fact, the non-movant must present evidence to create a genuine dispute of fact with respect to each "essential element of her case[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In so doing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

A federal court sitting in diversity applies the choice-of-law rules of the forum state—here, Michigan. *Tele-Save Merch. Co. v. Consumers Distrib. Co.*, 814 F.2d 1120, 1122 (6th Cir. 1987) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Michigan's choice-of-

law rules require the application of Michigan law absent a "rational reason" to do otherwise. *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997).

With respect to tort cases, a "rational reason" exists if "any foreign state has an interest in having its law applied" and that state's interests outweigh Michigan's. *Id.* Typically, where Michigan's only connection to the case is that the defendant's headquarters are located there and an allegedly defective design was created there, the foreign state's law will apply instead. *See Hall v. Gen. Motors Corp.*, 582 N.W.2d 866, 868–71 (Mich. Ct. App. 1998) (describing Michigan's minimal interest in applying its law to a suit arising from an accident that occurred in North Carolina involving a North Carolina resident). Applying Michigan's choice-of-law rules, Mississippi law governs this dispute because Robert was a Mississippi resident, the crash occurred in Mississippi, and Michigan is only interested to the extent that FCA is headquartered in Michigan. *See id.* at 871. As the district court correctly concluded, however, Maxwell's claims fail under either state's laws.

**B. Causation**

For all of Maxwell's claims—wrongful death and product liability based on defective design and breach of implied warranty of fitness—she must show that the defective design caused the alleged harm. Miss. Code Ann. § 11-1-63(a)(iii); *see Moss v. Batesville Casket Co.*, 935 So.2d 393, 400 (Miss. 2006); *accord Skinner v. Square D Co.*, 516 N.W.2d 475, 479 (Mich. 1994). Here, Maxwell failed to adduce any evidence to create a genuine dispute of fact that the alleged defect, the faulty ignition and fob, caused the crash.

Maxwell primarily points to the testimony and declaration of her expert, Sean Shideh, but Shideh did not provide any facts from which the district court could have reasonably inferred that a faulty ignition caused the crash. Shideh equivocated that "the key FOB may have moved from the ON position . . . prior to the crash" but that "it is also scientifically possible that the key FOB

may have moved from the ON position . . . as a result of the crash." (Shideh Decl., R. 51-4, PageID 530, ¶¶ 4, 5.) Shideh offered no conclusions as to the presence of the potential defect in the vehicle, let alone its causal connection to the crash. Shideh's vague statements fail to create a genuine factual dispute. *See Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991) (noting that at summary judgment, a non-movant must provide "significant probative evidence" rather than mere allegations to avoid summary judgment).

Nor do Maxwell's other offerings suffice. Apart from photographs taken of the car after the accident, which show that the key fob was out of the ignition but give no clue as to what caused this, Maxwell offers testimony from other drivers who state that Robert had been driving carefully that day. Although this evidence helps eliminate some theories for what caused the crash—i.e., that Robert was driving while intoxicated—it does not affirmatively support the theory that the defect caused the crash instead. *See Celotex Corp.*, 477 U.S. at 323 (non-movant must present specific facts supporting each essential element); *see also Mine Safety Appliance Co. v. Holmes*, 171 So.3d 442, 450–52 (Miss. 2015) (describing acceptable circumstantial evidence for providing causation in product liability action); *Moss*, 935 So.2d at 400 (noting that plaintiffs failed to show that an allegedly problematic casket damaged the decedent's remains). Unfortunately, Maxwell has no evidence that an alleged defect in the minivan caused the crash, and so the district court's grant of summary judgment in favor of FCA was appropriate.

## C. Feasible Alternative Design

The district court likewise correctly concluded that Maxwell failed to present evidence of a "feasible design alternative" that would have had a reasonable probability of preventing the alleged harm. Miss. Code Ann. § 11-1-63(f)(ii); *accord* Mich. Comp. Laws § 600.2946(2).

On appeal, Maxwell maintains that the safer alternative design would simply be a traditional key and ignition set up, and notes that in the Recall Notice, FCA stated that it would

replace any defective ignition modules and provide the owner two new wireless key fobs free of charge. Neither of these arguments can save Maxwell's claims.

With respect to the traditional key argument, Maxwell adduced no evidence—only argument—that a traditional key-and-ignition design would have been safer than the system in the vehicle. Argument is not evidence, nor is it sufficient to create a dispute of fact at summary judgment. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). As for the argument premised on the Recall Notice, the standard is not whether a safer design was discovered later—as evidenced by the Notice—but rather whether a feasible, safer alternative existed at the time the vehicle was sold. *See Williams v. Bennett*, 921 So.2d 1269, 1275 (Miss. 2006); *accord Gregory v. Cincinnati, inc.*, 538 N.W. 325, 329 (Mich. 1995). Maxwell presented no evidence that a safer alternative existed when Robert bought the car. The district court therefore correctly concluded that Maxwell's claims fail on this ground as well.

## D. *Dobbs* is Inapplicable

In a final attempt to save the case, Maxwell argues that the Supreme Court's recent decision in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022) requires us to reverse the district court's grant of summary judgment to FCA. Maxwell argues that because *Dobbs* ruled that states are free to regulate abortion based on a "potential life interest" implicated in terminating a pregnancy, it also applies to other claims involving a "life interest," such as wrongful death claims. Thus, she argues, the district court erred in relying on federal evidentiary standards, which wrongly require plaintiffs to produce expert testimony to survive summary judgment, where neither the relevant Mississippi nor Michigan statutes mention expert testimony at all.

This argument misses several marks. *Dobbs*'s language about "potential life" was cabined to the abortion context; it explicitly disclaimed invalidating any non-abortion-related precedents. *Dobbs*, 142 S. Ct. at 2277–78. More to the point, the district court clarified that it was not granting

summary judgment to FCA because of Maxwell's lack of expert testimony, but rather because she failed to adduce *any* "competent evidence" to support the essential elements of her claims under Mississippi or Michigan law.  (Op. & Order, R. 55, PageID 1001.)

* * *

The facts of this case are tragic.  But unfortunately, Maxwell has not set forth evidence sufficient to create a genuine dispute of fact that a defect in the minivan caused the crash that took Robert's life or that a reasonably safer design would have prevented it.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment to FCA.