Acree *v.* Collins, et al.

No. 41578 November 7, 1960 124 So. 2d 118

*Williamson & Smith, Goldman & Pigford,* Meridian, for appellant.

*Huff & Williams,* Meridian, for appellee, Leo R. Mc-Gehee.

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellee, O. P. Collins, Jr.

GILLESPIE, J.

Acree, appellant, received personal injuries in an automobile accident which occurred in the intersection of 24th Avenue and 14th Street in the City of Meridian, Mississippi.

Appellant was driving south on 24th Avenue and his automobile collided with one driven into the intersection from the west by Jake Davis. 24th Avenue runs north and south; 14th Street runs east and west. In accordance with a city ordinance, stop signs were placed on the east and west approaches to said intersection so that vehicles traveling on 14th Street would be required to stop before entering the intersection. The stop sign here involved was located 20 feet west of the southwest corner of the intersection near the south line of 14th Street.

Jake Davis entered said intersection traveling east without stopping.

Appellant sued appellee Collins, under whose direction a large van type tractor-trailer had been parked on the south side of 14th Street west of 24th Avenue, and McGehee, alleged owner of the truck. It was charged that Collins was agent for McGehee and that both were liable to appellant because said truck was parked within thirty feet of said stop sign in violation of the city ordinance and the statute; that said truck obscured the sight of the stop sign causing Jake Davis to enter the intersection without stopping. The main factual issue created by the pleadings was whether the truck was parked within thirty feet of the stop sign. Jake Davis was not sued. The case went to trial on the merits and a verdict was returned in favor of appellees Collins and McGehee. Acree appeals.

On the factual issue stated above, there was ample evidence to justify the jury in finding that the truck was not parked within thirty feet of the stop sign and that appellees were not guilty of negligence contributing to said collision between the Acree and Davis vehicles. It is not contended by appellant that the evidence was insufficient to justify the verdict.

 █ Appellant contends that the lower court erred in granting to appellee McGehee an instruction telling the jury that as a matter of law Jake Davis was negligent in failing to stop before entering the intersection. We are of the opinion that the lower court did not err in granting said instruction because all of the proof shows that Davis entered the intersection without stopping and without paying any attention to traffic on 24th Avenue. He so testified. There is no proof to the contrary. Of course, this was negligence. Moreover, the issue of whether appellees were guilty of negligence contributing to the accident and resulting injuries to appellees was not affected by the instruction in ques-

tion. The question of appellees' negligence was put squarely to the jury. Under all the instructions, the jury, had it found that appellees were guilty of negligence contributing to the appellant's injuries, would have rendered a verdict for appellant without regard to whether Davis was also guilty of negligence. We are, therefore, of the opinion that no error was committed in the granting of the instruction.

Appellant next contends that it was error for the lower court to allow appellees Collins and McGehee each to challenge four jurors peremptorily. The pleadings show that appellant charged that Collins was the agent of McGehee and that McGehee was liable because his agent Collins caused the truck to be unlawfully and negligently parked. McGehee and Collins filed separate answers. Collins admitted and McGehee denied the agency. On the trial, Collins testified to the fact of such agency. A considerable portion of McGehee's testimony was to refute what Collins admitted as to the agency issue. The interests of the two defendants were antagonistic on the issue of agency.

Section 1525, Mississippi Code of 1942, provides: ''In civil suits each party may challenge peremptorily four of the jurors, and as many more for whom he can show cause.''

We have held that where the interests of the two parties are identical, they are to be considered as one party for the purpose of ascertaining the number of peremptory challenges they may exercise. Miss. Central R.R. Co. v. Aultman, 173 Miss. 622, 160 So. 737. Under the pleadings the interests of McGehee and Collins were antagonistic insofar as the agency question was concerned. The interests of the two parties were not identical. The trial court has a measure of discretion in such matters and we are in no wise able to say that he erred in this respect.

The next assignment of error is a complaint that it was error for the lower court to instruct the

jury that, "You must find for the defendant. . . . if you find from the evidence that the truck in question was parked more than thirty feet west of the stop sign."

Appellant argues that this instruction took from the jury the right to find defendants guilty of negligence in the event that the truck while parked more than thirty feet west of the stop sign nevertheless obscured the sign. We are of the opinion that there are two reasons why this assignment of error is not well taken. In the first place, only one ground of negligence was charged against the defendants and that was the parking of the truck within thirty feet of the stop sign in violation of the city ordinance and the statute. In the second place, there was no proof that the truck when parked more than thirty feet west of the stop sign would obscure Davis' view of the stop sign as he approached the intersection. The jury found that the truck was legally parked thirty feet or more west of the stop sign. There is no proof whatever on which the jury could have found that appellants were guilty of negligence contributing to plaintiff's injuries when the truck was thus legally parked. We conclude that the instruction complained of was properly given.

Finally, appellant's complain of three instructions which he says excluded the theory of the vicarious liability of Collins and McGehee. But when the instructions are all read it is found there is no validity to this argument. The jury was fully and completely instructed on the question referred to.

We have given careful consideration to every assignment of error and find no reversible error. The whole record shows that the case was fairly tried. One central issue of fact was at the heart of the case, and the jury found this fact in favor of the defendants.

Affirmed.

*Kyle, Holmes, Arrington* and *McElroy, JJ.,* concur.