323 So.2d 757 (1975)
Mrs. Jacquelyn JONES, Administratrix of the Estate of Travis G. Jones, Jr., Deceased
v.
Earl J. BABST, an Individual, trading and d/b/a Blue Ribbon Tire Service, et al.
No. 48448.
Supreme Court of Mississippi.
December 22, 1975.
*758 Melvin & Melvin, Sarah L. Entrekin, Leonard B. Melvin, Jr., Laurel, for appellant.
M.M. Roberts, S. Wayne Easterling, Heidelberg, Sutherland & McKenzie, Hattiesburg, for appellees.
Before RODGERS, INZER and SMITH, JJ.
RODGERS, Presiding Justice:
This was an appeal from a jury verdict rendered in the Circuit Court of the First Judicial District of Jones County, Mississippi. The jury found in the lower court in favor of the plaintiff against the defendants Pass Road Tire Mart, Inc. and Billy Daniels in the sum of one hundred and ten thousand dollars ($110,000.00).
At the conclusion of the plaintiff's case, the trial court heard motions by the defendants Earl J. Babst, Super Tire Marts, Inc., and General Motors Corporation. The motions were for peremptory instructions in favor of each of the defendants set forth, and the trial court after hearing the arguments, granted the peremptory instructions.
This suit was brought by Mrs. Jacquelyn Jones, wife of Travis G. Jones, Jr., deceased, as administratrix of the estate of Travis G. Jones, Jr., for his alleged wrongful death which occurred in a one-vehicle traffic accident on April 22, 1970, at approximately 2 P.M. on Highway 15, about nine miles south of Laurel in Jones County, Mississippi.
Travis G. Jones, Jr. was employed on February 16, 1970, by Bush Dairy, Inc., as an ice cream route salesman working out of the company's Gulfport office. His duties consisted primarily of servicing grocery stores along the Mississippi Gulf Coast, but two days a week he worked a route from Gulfport to Laurel, reloaded his truck at the Bush Dairy Company's Laurel office and worked a different route back to Gulfport.
Prior to and during April, 1970, Bush Dairy, Inc. had an agreement with the defendant Pass Road Tire Mart, Inc., who did business as Blue Ribbon Tire Service, whereby this defendant was to check the condition of the dairy company's trucks nightly for flats and damaged tires.
On the evening of April 21, 1970, Travis Jones, Jr. reported that there was a flat on his delivery truck and that he would need the truck the next morning. The manager of the dairy truck fleet called Blue Ribbon Tire Service, and the defendant Billy Daniels responded. He was driving the service truck owned by Blue Ribbon Tire Service. Daniels reported that the flat could not be repaired and that the condition warranted a replacement. Authorization was given for the replacement of the flat tire. Upon receiving authorization for a new tire, Daniels returned to his place of employment, secured a new tire and tube, and then returned to the dairy. He removed the lug nuts which secured the left rear dual wheels and replaced one of the tires on this set of dual wheels.
On the morning of April 22, 1970, Jones left his employer's Gulfport headquarters, handled two emergency stops in the Bay St. Louis area, proceeded north to Lucedale, and thence to Richton. He was destined for Laurel at the time of his accident. The accident occurred about nine miles south of Laurel as the truck was proceeding north on Highway 15. The left rear wheels of the truck came off, thus causing the truck to turn over on its left side, skid down the highway, ignite and burn.
The plaintiff in the lower court, being aggrieved by the jury's verdict and the court's granting of the peremptory instructions in favor of the defendants Earl J. Babst, Super Tire Marts, Inc., and General *759 Motors Corporation, appealed to this Court and argues the following assignments of error:
(1) The lower court erred in determining as a matter of law that the proximate cause of the accident was the loose lugs and in sustaining the motion of the defendant, General Motors Corporation, to exclude the evidence in behalf of plaintiff and direct verdict for General Motors.
(2) The court erred in permitting the defendants, Earl J. Babst and Super Tire Marts, Inc., and the defendants, Pass Road Tire Mart, Inc., and Billy Daniels, a total of eight jury challenges, and in permitting both attorneys to cross-examine plaintiff's witnesses, inasmuch as the interest of these defendants was common or identical.
(3) The court erred in striking certain portions of plaintiff's second amended declaration on the motion of the defendant, General Motors Corporation.
(4) The verdict of the jury is so inadequate as to shock the conscience of the court and evidences bias and prejudice.
The appellant attempted to induce this Court to view the present case under a strict products liability theory. As support for this contention much emphasis was placed on State Stove Mfg. Co. v. Hodges, 189 So.2d 113 (Miss. 1966) and Ford Motor Company v. Matthews, 291 So.2d 169 (Miss. 1974). This Court concludes that the facts as set forth in the trial record and as reflected in both the appellant's and appellees' briefs distinguish the present case from the strict liability theory cases set out by the appellant.
The facts as reflected in the record bring the present case within the ruling handed down by this Court in Walton v. Chrysler Motor Company, 229 So.2d 568 (Miss. 1969), wherein we said:
"We are of the opinion that the automobile manufacturer is not an insurer against the possibility of accidental injury arising out of the use of its product. Muncy v. General Motors Corp., 357 S.W.2d 430 (Tex.Civ.App. 1962); Evans v. General Motors Corp., 359 F.2d 822 (7th Cir.1966); Brown v. General Motors Corp., 355 F.2d 814 (4th Cir. 1966); United States Rubber Co. v. Bauer, 319 F.2d 463 (8th Cir.1963); Campo v. Scofield, 301 N.Y. 468, 95 N.E.2d 802 (1950); 8 Am.Jur.2d, § 646, page 205 (1963)." 229 So.2d at 572.
This Court also said in Harrist v. Spencer-Harris Tool Co., 244 Miss. 84, 95, 140 So.2d 558, 562 (1962): "No duty rests upon a manufacturer or seller to warn a purchaser of a dangerous design which is obvious. If this were not true, a manufacturer could not design and sell a pocket knife, axe, planer or gun."
The Fifth Circuit Court of Appeals in Ward v. Hobart Manufacturing Company, 450 F.2d 1176 (5th Cir.1971), set out the general rule for negligent design cases followed by this Court: "[W]here the alleged danger is open and obvious and the manufacturer has done everything necessary to insure that the machine will function properly for its designed purpose any duty owed to a future user has been fulfilled." 450 F.2d at 1180.
The appellant in the present case had alleged that the system used by General Motors Corporation attaching the dual wheels to the hub of the 1964 Chevrolet Series C-60 truck was defective and unsafe. However, all the experts presented by the plaintiff testified that the dual wheels on this particular truck would not have come off if the lug nuts had been properly installed and torqued to the manufacturer's specifications. The improper attaching of the lug nuts was the factor which caused the accident and not the system design utilized by the manufacturer.
This Court in Acree v. Collins, 239 Miss. 583, 124 So.2d 118 (1960), addressed *760 itself to the problems of peremptory challenges: "We have held that where the interest of the two parties are identical, they are to be considered as one party for the purpose of ascertaining the number of peremptory challenges they may exercise. Miss. Central R.R. Co. v. Aultman, 173 Miss. 622, 160 So. 737." 239 Miss. at 587, 124 So.2d at 119.
The interests of the defendants in the present case are not identical; therefore, the trial court was correct in permitting each of the defendants separate jury challenges and also in allowing each of the respective defendant's attorneys the right to cross-examination of each of the plaintiff's witnesses.
This Court acknowledges that the trial court was proper in striking certain portions of the plaintiff's second amended declaration which dealt with the basic engineering design of the Series C-60 truck in which the deceased was traveling at the time of his death. There is no way that the designs excluded by the trial court could be either the cause of the accident or even a contributing factor. The excluded portions dealt with the type of door latches, the type of fuel tank cap, and the location of the fuel tank filler pipe on this particular truck. It remains undisputed that the cause of the accident was that the left rear dual wheels came off the truck as it was proceeding down the highway, causing the truck to flip over on its side, skid down the highway, ignite, and then burn.
It is the opinion of this Court that the verdict returned by the jury in the lower court is not so inadequate as to shock the conscience of the court; neither does it evidence bias or prejudice on their part. The jury had before them all the circumstances and facts necessary to make a just ruling, which we feel that they so did.
For the reasons above set out, it is the opinion of this Court that the jury verdict of the lower court should be, and the same is hereby, affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.