10-512-cv
Brown v. Eli Lilly & Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2010

Docket No. 10-512-cv

Argued:  May 4, 2011                    Decided: August 18, 2011

_____

DERRICK BROWN, Personal representative of the Estate of Dorothy A. Brown, Deceased,

*Plaintiff-Appellant*,

- v. -

ELI LILLY AND COMPANY,

*Defendant-Appellee*,

NOXUBEE GENERAL HOSPITAL, BAPTIST MEMORIAL HOSPITAL-GOLDEN TRIANGLE, POLICE OFFICERS JOHN DOES 1–5,

*Defendants*.

_____

Before: MINER, WALKER and WESLEY, Circuit Judges.

Appeal from summary judgments, certified as final pursuant to Federal Rule of Civil Procedure 54(b), in favor of defendant hospitals and from a summary judgment in favor of defendant-appellee Eli Lilly, all entered in the United States District Court for the Eastern District of New York (Weinstein, J.) in a removed action to recover for the wrongful death of plaintiff-appellant's decedent arising out of her treatment with the drug Zyprexa, the District Court having denied plaintiff's motion to remand for lack of diversity jurisdiction after dismissing the claim against the non-diverse defendant hospitals.

Dismissed in Part and Affirmed in Part.

ANGELA TURNER LAIRY, Turner & Associates, P.L.L.C. (Bennie L. Turner, of counsel), West Point, Mississippi, for Plaintiff-Appellant.

ERIC ROTHSCHILD, Pepper Hamilton LLP (Nina M. Gussack and Franklin T. Pyle III, of counsel), Philadelphia, Pennsylvania, for Defendant-Appellee.

MINER, Circuit Judge:

Plaintiff-appellant Derrick Brown ("Brown"), Personal Representative of the Estate of Dorothy Brown, deceased, appeals from summary judgments certified as final pursuant to Federal Rule of Civil Procedure 54(b) in favor of defendants Noxubee General Hospital ("Noxubee") and Baptist Memorial Hospital-Golden Triangle ("Baptist") and from a summary judgment in favor of defendant-appellee Eli Lilly and Company ("Eli Lilly"). The judgments were entered in the United States District Court for the Eastern District of New York (Weinstein, J.). The action giving rise to this appeal, removed from state court in Mississippi to a federal district court in Mississippi, and thereafter transferred to the Eastern District of New York, was brought to recover for the wrongful death of Dorothy Brown ("Ms. Brown") allegedly due to her treatment with the drug Zyprexa, which is manufactured by Eli Lilly. An earlier appeal from the certified judgment in favor of Noxubee was withdrawn by stipulation. An earlier appeal from the certified judgment in favor of Baptist was dismissed. A motion to remand, predicated on the lack of diversity on the parts of Noxubee and Baptist was denied following the issuance of all the orders granting summary judgment.

## BACKGROUND

I.     Inception, Removal and Transfer

Dorothy Brown, a resident of Macon, Mississippi, suffered from various ailments, including depression with psychotic features, schizophrenia, and insulin-dependent diabetes mellitus. While under psychiatric care during the period January 1999–June 2003, she was prescribed Zyprexa, which is manufactured by Eli Lilly.[1] On August 20, 2005, Ms. Brown presented at the Emergency Department of Noxubee in Macon. Her complaints included difficulty in breathing and high blood glucose. Discharged the same day, she presented at Baptist in Flowood, Mississippi, the next day. Discharged the day that she was admitted at Baptist, she returned to Noxubee on August 22 and

---

[1]  Use of Zyprexa was discontinued by Ms. Brown because of the "apparent adverse effect it had on [her] blood glucose levels."

again was discharged after a brief visit. On August 24, 2005, Ms. Brown died at her residence. Her death certificate listed the cause of death as cardiac arrest.

The complaint in the action to recover damages for the wrongful death of Ms. Brown was filed in the Circuit Court of Noxubee County, Mississippi, on October 23, 2007, and the First Amended Complaint was filed in the same court on November 6, 2007. As to the defendant hospitals, the Amended Complaint included allegations that Ms. Brown "was discharged by the Emergency Departments when it was known, or should have been known, that [Ms. Brown] was unable to provide necessary personal and medical care for herself as the result of her impairment." The claims pleaded against Eli Lilly included failure to warn about substantial risks in the use of Zyprexa, an antipsychotic drug said to be associated with "an increasing prevalence of hyperglycemia and diabetes-related illnesses." Also pleaded were claims for violations of various provisions of the Mississippi Products Liability Act and for gross negligence. According to the complaint, when "Zyprexa® left the control of the Defendant Lilly it was a defective product."

By Notice of Removal filed on January 31, 2008, Eli Lilly removed the action to the United States District Court for the Southern District of Mississippi, Eastern Division, invoking the District Court's diversity jurisdiction. Acknowledging that it was a resident of Indiana and that Brown, Noxubee, and Baptist were residents of Mississippi (and, apparently, that complete diversity was lacking on the face of the complaint), Eli Lilly asserted in the Notice that Baptist and Noxubee "have been fraudulently and improperly joined as [d]efendants to defeat diversity and must be disregarded for purposes of determining diversity of citizenship for federal jurisdiction."

Eli Lilly argued that Baptist was improperly joined because Brown had failed to file with the Amended Complaint a certificate required by Mississippi law that Brown had consulted with a qualified expert and determined from such consultation that there was a reasonable basis for the commencement of the action. As an additional argument that Baptist was improperly joined, Eli Lilly noted that Brown had failed to comply properly with the Mississippi statutory requirement that a written notice of a claim for professional negligence be served sixty days prior to the filing of a

3

lawsuit in that "the notice did not adequately state the legal basis of the claim and was not in compliance with [the statute]."

In asserting improper joinder of Noxubee in the Notice of Removal, Eli Lilly noted that Noxubee is a "community hospital" as defined by Mississippi law and therefore is entitled to the benefit of the Mississippi Tort Claims Act ("MTCA"). That Act requires service of a written notice of claim containing specific information at least ninety days prior to the filing of an action against a community hospital. According to Eli Lilly, "[p]laintiff did not provide the ninety (90) day notice as required," so the claim as against Noxubee must be dismissed. In further support of its claim that Noxubee was improperly joined, Eli Lilly noted that, as in the case against Baptist, Brown failed to file a certificate of consultation with an expert and thus was delinquent in providing the sixty-day notice of a claim for professional negligence required by Mississippi law. The Notice of Removal also recited that the allegations of the complaint were insufficient to plead a cause of action against either Baptist or Noxubee.

On February 29, 2008, Brown filed a motion in the District Court in Mississippi challenging Eli Lilly's contention that Noxubee and Baptist had been fraudulently joined and seeking remand of the action to state court. Before removal, Noxubee had filed a motion for summary judgment, and Baptist had moved to dismiss the complaint. After removal, Noxubee once again filed a motion for summary judgment, contending that the action was time-barred and that Brown had failed to comply with Mississippi requirements for notice and for certification of pre-suit expert consultation.

By order filed on August 11, 2008, the Panel on Multidistrict Litigation, having determined that the Eastern District of New York was the proper forum for actions relating to the drug Zyprexa, ordered that the actions before the panel and all "other related actions" be transferred to that forum. See In re Zyprexa Products Liab. Litig., 314 F. Supp. 2d 1380, 1381 n.1 (J.P.M.L. 2004). The motions pending in the Southern District of Mississippi were still pending at the time of transfer.

II.     Proceedings in the Eastern District of New York: Decisions Rendered and Appeals

4

Withdrawn

By Memorandum and Order filed on October 15, 2008, the District Court for the Eastern District of New York addressed Brown's motion to remand. The court noted Brown's contention "that the presence . . . of defendants Noxubee General and Baptist Memorial creates incomplete diversity, so that remand to state court is required." The court also noted Lilly's contention that the non-diverse defendant hospitals had been fraudulently joined and that the case therefore had been properly removed. In reviewing the rule of fraudulent joinder, the court stated, inter alia, that "[w]here a plaintiff has added a defendant against whom there is no reasonable basis for recovery, joinder of that party is fraudulent"; and that, in this case, "[t]o decide whether joinder is fraudulent, the court looks to Mississippi state law to determine if there is a valid claim against the non-diverse defendants."

Applying the provisions of the MTCA, providing for the assertion of claims against governmental entities, the District Court found (1) that Noxubee, as a "community hospital," is a governmental entity; (2) that there is a one-year statute of limitations for the commencement of actions against governmental entities, see Miss. Code Ann. § 11-46-11(3); (3) that Brown's action was commenced approximately 22 months after the actionable conduct; (4) that a Notice of Claim must be served on a governmental entity within ninety days of filing an action in court, see Miss. Code Ann. § 11-46-11(1), and contain certain specific information, see Miss. Code Ann. § 11-46-11(2); and (5) that the Notice that Brown served on Noxubee failed to include adequate responses to the items of required information. Accordingly, the court concluded that Brown's claim against Noxubee was time-barred as well as deficient for failure to comply with the Notice of Claim requirements and that Noxubee therefore was fraudulently joined.

Following its determination as to fraudulent joinder, the court observed that Noxubee's motion for summary judgment remained open and that Brown would be given the opportunity to argue that motion although "[t]here appears to be little if any merit in plaintiff's claim against Noxubee."

As to Baptist, the court found that "[t]he record does not make clear whether Baptist Memorial is a community hospital subject to the same statute and defenses as Noxubee." The court also noted an additional issue as to Baptist: whether Brown complied with the Mississippi requirement that an expert be consulted prior to the filing of a malpractice complaint. See Miss. Code Ann. § 11-1-58. Discovery on the questions of community hospital status for Baptist and compliance with the expert consultation requirement were referred to Magistrate Judge Mann. In concluding that it was not yet able to determine finally the remand motion, the court ruled that, "[u]pon completion of discovery, Baptist Memorial may renew its motion for summary judgment and Lilly may renew its motion to declare joinder of Baptist Memorial fraudulent for removal purposes."

The District Court granted Noxubee's motion for summary judgment by order filed on November 14, 2008, following oral argument held on November 7, 2008. Referring to the discussion in its earlier order determining that Noxubee was fraudulently joined, the court rested its grant of summary judgment on two grounds: (1) that the action was barred by the one-year statute of limitations governing suits against community hospitals under the MTCA; and (2) that the Notice of Claim requirements of the MTCA were not met in that the Notice failed to include facts relating to at least three categories of information required to be included in the Notice. The court rejected Brown's arguments that Noxubee's failure to provide complete medical records excused its failure to comply with the statute of limitations as well as its failure to comply with the Notice requirements of the MTCA. The court took notice of Noxubee's certification that all records had been furnished to Brown and denied Brown's motion for additional time for discovery, holding that, in any event, "[n]othing in any additional records would satisfy [Brown's] failure to comply with the MTCA."

By documents filed on January 9, 2009, the District Court certified final judgment "for Noxubee General Hospital and against [Brown], there being no good reason for delay, such judgment being final for all purposes including appeal under and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure." Brown filed his Notice of Appeal from this final judgment on

6

February 6, 2009. (A subsequent final judgment, similar in form to the one filed on January 9, was filed on May 1, 2009, but no appeal was taken therefrom.) By stipulation filed on June 15, 2009, executed by counsel for Brown and Noxubee, the appeal was withdrawn. The stipulation, "SO ORDERED" by Staff Counsel on behalf of the Clerk of Court, recited that "the District Court purported to grant certification under FRCP 54(b), but without including a brief, reasoned explanation of why there is no just reason for delay." It also provided as follows: "This stipulation shall not preclude any appeal from a final judgment in conformity with FRCP 54(b), which includes a statement of reasons for certification, or from a final judgment adjudicating all the rights and liabilities of all the parties herein."

Following discovery ordered by the District Court and overseen by Magistrate Judge Mann on the question of Brown's compliance with the Mississippi state law requirements for expert consultation, Baptist, on December 15, 2009, renewed its motion to dismiss first made in the District Court of Mississippi. In discovery, Brown's counsel revealed by affidavits that he had consulted with at least one expert prior to filing the complaint; that he had concluded from the consultation that there was a reasonable basis for the action; and that all consultations had occurred on or before August 17, 2007, a date before the action was commenced. He specifically identified a Mississippi psychiatrist, Dr. Wood Hiatt, as an expert that he had consulted. In its renewed motion, Baptist argued that Dr. Hiatt was not qualified to give an expert opinion as to Brown's claim against Baptist and therefore that Brown had failed to comply with the expert consultation requirement. The District Court converted Baptist's renewed motion to dismiss to a motion for summary judgment after notice to the parties.

Baptist's motion was argued at a hearing held on March 26, 2009. During the course of the hearing, the court offered counsel for Brown the opportunity for an adjournment for the purpose of taking the testimony of Dr. Hiatt at a <u>Daubert</u> hearing. Counsel declined the offer, and the court granted the motion in a Memorandum, Order and Judgment filed on April 15, 2009. In granting the motion, the court first reviewed the pre-filing consultation requirement of the MTCA:

7

For plaintiff to satisfy the pre-filing requirement, the individual consulted must be an "expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence" with respect to plaintiff's claim. Miss. Code Ann. § 11-1-58. Mississippi Rule of Evidence 702 allows one to qualify as an expert based on "knowledge, skill, experience, training, or education." . . . . To be qualified to give expert testimony as to a medical standard of care or negligence in Mississippi state courts, an expert must be familiar with the relevant specialty. See Hubbard v. Wansly, 954 So.2d 951, 958 (Miss. 2007).

Examining Dr. Hiatt's background, the District Court found "that Dr. Hiatt's expert testimony has been limited to psychiatry; he has not been qualified as an expert in general medicine, emergency medicine, or other specialties relevant to plaintiff's claim against Baptist Memorial." Because Dr. Hiatt's clinical experience, research, and education were limited to the field of psychiatry, the District Court concluded that Dr. Hiatt could not be considered "qualified to give expert testimony as to standard of care or negligence" with respect to Brown's claim against Baptist as required by Miss. Code Ann. § 11-1-58. In view of the failure of Brown's cause of action, the court determined that Baptist was fraudulently joined. Accordingly, in the same opinion, the court ruled on Brown's motion to remand as follows:

All non-diverse defendants have been dismissed. Since plaintiff is a Mississippi citizen and the sole remaining defendant, Lilly, is not, complete diversity exists. The court maintains subject matter jurisdiction. See 28 U.S.C. § 1332(a).

An Amended Final Judgment was filed on May 29, 2009, certifying the summary judgment in favor of Baptist as final pursuant to Federal Rule of Civil Procedure 54(b). A Notice of Appeal from this judgment was filed on August 5, 2009. Although Noxubee was named as a defendant in the title of the Notice of Appeal, the Notice recited only that appeals were taken from orders and judgments in favor of Baptist, including the Amended Final Judgment certified for appeal. Both Noxubee and Baptist moved to dismiss the appeal. By Order filed on December 14, 2009, we dismissed the appeal with respect to Noxubee because, "as Appellant has acknowledged, his Notice of Appeal covered only Orders pertaining to the separate judgment in favor of Baptist entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure." Brown v. Noxubee Gen. Hosp., No. 09-3337-cv (order of Dec. 14, 2009).

In the same Order, we determined that dismissal of the appeal as to Baptist also was warranted: "To the extent that Appellant seeks to appeal the Rule 54(b) Final Amended Judgment entered in favor of Appellee Baptist or the Order that preceded it, this Court lacks jurisdiction because the Notice of Appeal was untimely filed. See Fed. R. App. P. 4(a)(1)." Id. Brown's appeal also sought review of the denial of a motion that Baptist had made pursuant to 28 U.S.C. § 1292(b) to certify an interlocutory appeal of the dismissal of the claims against Baptist. As to that matter, we determined that "this court lacks jurisdiction because an Order denying § 1292(b) certification is not appealable." Id.

Following dismissal of the claims against the non-diverse party defendants, the District Court turned to the motion made by Eli Lilly for summary judgment. In denying the motion by Memorandum, Order, and Judgment filed on January 11, 2010, the Court noted that it had issued a Case Management Order requiring Brown to submit a case-specific expert liability Report by August 13, 2009, and that the deadline had passed with no Report having been submitted. It further noted that a joint proposal had been approved on September 28, 2009, providing "that plaintiff may have until October 30, 2009 either to produce an expert or to dismiss the claims against Lilly." No expert report was proffered by the amended deadline, and the court, after a full review of all the evidence presented to it, concluded as follows: "No expert or evidence has connected [Ms. Brown's] cause of death or any medical problem to Zyprexa. Her claim [against Eli Lilly] cannot stand." Recognizing and rejecting Brown's attempt to reargue the summary judgments dismissing the non-diverse hospital defendants in connection with its opposition to Lilly's motion, the District Court stated: "In light of those dismissals, there is no obstacle under the Mississippi statute to dismissing plaintiff's claim against Lilly."

III.    The Instant Appeal

Brown filed the Notice of Appeal that brings the case before us on February 8, 2010. The Notice purported to appeal every Order and Judgment entered in favor of Noxubee, Baptist, and Eli Lilly. Included in the Orders appealed from is an Order filed on July 8, 2009, denying Brown's

motion pursuant to 28 U.S.C. § 1292(b) for interlocutory appeal of various orders pertaining to the three defendants. Brown first argues on appeal that "it was error for the District Court to retain jurisdiction, for as long as it did, without ruling on Plaintiff's motion to remand and failing to determine initially the existence of complete diversity. Instead, the district court elected to delve into multi complex state law issues." Brown contends that the issue of lack of jurisdiction raised by his motion to remand should have been resolved before the court "address[ed] complex issues of state law, including but not limited to the statute of limitations for the [MTCA], pre-suit consultation, and the qualifications of an expert consulted for pre-suit consultation for professional negligence actions filed in state court." Brown asserts that complete diversity was in fact lacking at the time of removal.

Contending that his appeals from the summary judgments in favor of Noxubee and Baptist are timely, Brown argues that the District Court erred in granting summary judgment for the hospitals and denying remand on the basis of fraudulent joinder. Asserting that Mississippi law requires the litigation of actions for injuries producing death in one lawsuit, Brown assigns error to the District Court "in finding plaintiff's wrongful death claims against Baptist, Noxubee and Lilly as separate, distinct and independent." Brown claims that the District Court erred in granting summary judgment to Eli Lilly in the face of its opposition "raising the issue of subject matter jurisdiction, stating the dictates of Mississippi's wrongful death statute and challenging the authority upon which Lilly relied upon (sic) to make technical and scientific arguments without evidentiary support." Brown further contends on appeal that "[t]he [D]istrict [C]ourt was without the necessary evidentiary predicate to consider a vast majority of Lilly's argument in support of its motion for summary judgment."

**ANALYSIS**

I.    Of the Reassertion of Appeals Previously Withdrawn or Dismissed

Although the Notice of Appeal that brings this case before us, filed on February 9, 2010, purports to appeal from the final judgments entered in favor of Noxubee and Baptist, and while

10

Brown makes various substantive arguments in support of those appeals in his brief, we are without jurisdiction to consider either appeal.

As to the appeal from the final judgment in favor of Baptist, a previous appeal from that judgment and from the order denying § 1292(b) certification of that judgment was "dismissed in part as untimely and in part as taken from a non-appealable order." See Brown v. Noxubee Gen. Hosp., No. 09-3337-cv (order of Dec. 14, 2009). We determined on that appeal that denial of § 1292(b) certification was not appealable and that the appeal from the Rule 54(b) final amended judgment was not timely filed. Id. The judgment had been entered on May 29, 2009, and the Notice of Appeal was not filed until August 5, 2009, a date well beyond the thirty days allowed for filing such an appeal. See Fed. R. Civ. P. 4(a)(1)(A). In a civil case, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107 require an appellant to file a Notice of Appeal within thirty days of the entry of the judgment or order from which the appellant appeals unless the United States or an agency or office thereof is a party, in which case a sixty-day filing period applies. The Supreme Court has made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Our dismissal of the previous appeal of the Baptist judgment for lack of appellate jurisdiction is conclusive, and Brown's attempt to revive that appeal here must be rejected.

Our Order of Dismissal of the previous appeal also dismissed a purported appeal of the judgment in favor of Noxubee because, while Noxubee was named in the title, Brown's "notice of appeal covered only orders pertaining to the separate judgment in favor of Baptist." See Brown, No 09-3337-cv (order of Dec. 14, 2009). Brown did file a proper notice of appeal from the certified judgment in favor of Noxubee on February 8, 2010. However, that appeal was withdrawn by stipulation filed on June 15, 2009, and signed by counsel for Brown and Noxubee. The stipulation provides that it "shall not preclude any appeal from a final judgment in conformity with FRCP 54(b), which includes a statement of reasons for certification or from a final judgment adjudicating all the rights and liabilities of all the parties herein, or from an order of certification under 28 U.S.C.

11

Sec. 1292(b)." The stipulation was stamped "SO ORDERED" and signed "FOR THE COURT" on behalf of the Clerk of Court by Stanley E. Bass, Staff Counsel. It is noteworthy that the stipulation refers to Federal Rule of Appellate Procedure 42(b), which provides for voluntary dismissal and therefore contemplates a further appeal from an amended judgment to be entered. It cannot be seen as providing for a dismissal without prejudice, which contemplates the reinstatement of a withdrawn appeal. See Local Rule 42.1.

According to counsel for Brown, a member of the Court's staff advised counsel attending a telephone pre-argument conference "that the district court's order certifying summary judgment in favor of Noxubee as final pursuant to FRCP 54(b) was defective for failure to include a brief, reasoned explanation of why there was no reason for delay." Apparently assuming that the judgment was a nullity, an incorrect assumption, the parties withdrew the appeal. Although Rule 54(b) provides that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay," a judgment expressly certified as final under Rule 54(b) is no less final for omitting a statement supporting a determination that there is no reason for delay. Although we have remanded cases in which such a statement was lacking, see Nat'l Bank of Washington v. Dolgov, 853 F.2d 57 (2d Cir. 1988) (per curiam), we also have excused a failure to state reasons "[w]here the reasons . . . are obvious . . . and a remand to the district court would result only in unnecessary delay in the appeal process," Fletcher v. Marino, 882 F.2d 605, 609 (2d Cir. 1989). Until a panel of this Court determines otherwise, a judgment such as the one subject of the stipulation, reciting that there is no just reason for delay and certifying final judgment pursuant to Rule 54(b), is final for all purposes. Accordingly, the certified judgment in favor of Noxubee, filed on February 6, 2009, stands as a final judgment and, the appeal from it having been voluntarily dismissed, see Fed. R. App. P. 42(b), the Notice of Appeal filed on February 8, 2010, is untimely, and we are without jurisdiction over this phase of Brown's appeal.

Any argument that the time to appeal was somehow extended by the "SO ORDERED"

12

inscription on the stipulation by the Clerk of Court must be rejected out of hand. The authority to extend the time for filing appeals is vested in the district courts and not in the courts of appeals, but only if specific conditions are met. See 28 U.S.C. § 2107(c) (2006); Fed. R. App. P. 4(a)(5)–(6). Federal Rule of Appellate Procedure 26(b), providing for the Court of Appeals to extend the time prescribed by various rules, specifies that "the court may not extend the time to file: (1) a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal. Fed. R. App. P. 26(b)(1). We have held that a Court of Appeals "has no power whatever to extend the deadline for filing [a] notice of appeal." Matarese v. LeFevre, 801 F.2d 98, 105 (2d Cir. 1986); see also Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994). Moreover, the Clerk of Court or her representative is authorized to decide only "routine, unopposed procedural motions," Local Rule 27.1(c), and Staff Attorney Bass, as the Clerk's representative, had no authority to extend the time to appeal in this case.

II.     Of Removal and Remand

The federal removal statute allows a defendant to remove an action to federal court in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). The district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a) (2006).

To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met. See 28 U.S.C. § 1446(a) (2006). Complete diversity of citizenship of the parties is required, since an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (2006). A plaintiff who believes a case has been improperly removed may seek remand under the provisions of 28 U.S.C. § 1447(c), which provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

13

A plaintiff may not defeat diversity jurisdiction by improperly joining a non-diverse defendant with no genuine connection to the matter. Bounds v. Pine Belt Mental Health Care Res., 593 F.3d 209, 215 (2d Cir. 2010). This rule is known as the doctrine of fraudulent joinder:

> The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction. Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court. The defendant bears the heavy burden of proving the circumstances by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff.

Id. (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004)).

Notwithstanding the foregoing, if a jurisdictional defect exists at some time prior to a district court's entry of judgment, the court's judgment is still valid if the jurisdictional defect is cured before final judgment is entered. In Caterpillar, Inc. v. Lewis, 519 U.S. 61 (1996), the Supreme Court held that a district court's error in failing to remand an improperly removed case was not fatal to the ensuing adjudication where federal jurisdiction existed when judgment was entered. According to the Court:

> Once a diversity case has been tried in federal court, with rules of decision supplied by state law under the regime of Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), considerations of finality, efficiency, and economy become overwhelming. . . . Despite a federal trial court's threshold denial of a motion to remand, if, at the end of the day and case, a jurisdictional defect remains uncured, the judgment must be vacated. . . . In this case, however, no jurisdictional defect lingered through judgment in the District Court. To wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.

Id. at 75–77 (citations omitted; emphasis in original).

We have followed the principle set forth in Caterpillar. In Hallingby v. Hallingby, 574 F.3d 51 (2d Cir. 2009), we recognized that even though complete diversity was lacking at the time of removal, a district court's judgment on the merits withstood attack because the non-diverse defendant had been dismissed with prejudice from the action before entry of judgment. Id. at 56–57. According to Hallingby, "we view the critical issue to be whether the district court had subject matter jurisdiction at any time before it rendered judgment." Id. at 56; see also Briarpatch

14

Ltd., 373 F.3d at 301 ("Mindful that a district court's erroneous failure to remand does not, by itself, necessitate reversal, we view the critical issue to be whether the district court had subject matter jurisdiction at any time before it rendered judgment.").

Here, Brown argues that the District Court (1) failed to determine the existence of complete diversity when it first obtained jurisdiction and (2) improperly retained jurisdiction of the action, which involved "complex issues of Mississippi law" without first ruling on his motion to remand. Brown's first argument is without merit because, as discussed above, diversity existed between Brown (Mississippi) and Eli Lilly (Indiana) at the time that final judgment was entered in favor of Eli Lilly. See Caterpillar, 519 U.S. at 75–77. Moreover, his reliance on Bounds is misplaced. In Bounds, we found that the district court improperly granted summary judgment against non-diverse defendants and thus remanded with instructions to the district court to remand the action to state court. 593 F.3d at 218. Here, the District Court granted summary judgment in favor of the non-diverse defendants, and Brown has failed timely to appeal those judgments. Thus when the District Court entered final judgment as to Eli Lilly, there was no jurisdictional defect.

While it is true that "the existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal," Hallingby, 574 F.3d at 56, the "critical issue" is whether there was complete diversity at any time before the entry of judgment. Id. (internal quotation marks omitted). Although the better practice is to verify jurisdiction in a diversity action early on, especially where complex issues of state law are presented, see Allen v. Ferguson, 791 F.2d 611, 616 (7th Cir. 1986), the elimination of non-diverse defendants prior to judgment saves the action from dismissal for lack of jurisdiction.

III.    Of the Claim against Eli Lilly

The only question before us, then, is whether summary judgment was properly granted in favor of Eli Lilly. This Court reviews de novo a district court's grant of summary judgment. FDIC v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010). Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no

15

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the moving party demonstrates "the absence of a genuine issue of material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). More specifically, it "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," Great Am. Ins. Co., 607 F.3d at 292. Where no rational finder of fact "could find in favor of the nonmoving party because the evidence to support its case is so slight," summary judgment must be granted. Id. (internal quotation marks omitted).

The parties agree that Mississippi substantive law governs this action. In Mississippi, products liability claims are governed by statute. Williams v. Bennett, 921 So. 2d 1269, 1273 (Miss. 2006) (citing Miss. Code Ann. § 11-1-63(a)(i)–(iii)). The Mississippi Supreme Court has described the requisite elements as follows:

> [A] claimant must make out a prima facie products liability case . . . by showing that a product was defective; that the defect caused the product to be unreasonably dangerous; that the unreasonably dangerous defect caused the harm complained of; and that the defective condition existed at the time the product left the control of the manufacturer or seller.

Williams, 921 So. 2d at 1273. A plaintiff also must establish that the defective and unreasonably dangerous condition of the product proximately caused the injury for which recovery is sought. See Moffett v. SmithKline Beecham Corp., No. 03-cv-532, 2005 U.S. Dist. LEXIS 34326, at *7 (S.D. Miss. June 9, 2005). For a plaintiff in a prescription drug case, the statute requires the plaintiff to demonstrate that the injury would not have occurred had the drug not been administered. Bennett v. Madakasira, 821 So. 2d 794, 807 (Miss. 2002). Further, Mississippi law requires expert medical testimony where causation is an issue in a complicated case because "such determinations are generally outside the scope of the average experiences and qualifications of most lay jurors."

16

Jackson v. Bayer Corp., No. 06-cv-101, 2007 U.S. Dist. LEXIS 65564, at *11 (S.D. Miss. Sept. 4, 2007).

Here, the District Court found that "[n]o expert or evidence has connected [Ms. Brown's] cause of death or any medical problem to Zyprexa. Her claim cannot stand. . . . The evidence does not support any link to Zyprexa and an expert would not help." In coming to this conclusion, the court noted that Brown had not produced an expert report as required.[2] However, even if Brown had produced the required expert report, the District Court apparently was persuaded that, based on the limited evidence in the record, even an expert report could not help Brown in making out his case. Moreover, the court found unfounded Brown's contention that Lilly had not met its burden on summary judgment because it did not offer any evidence disproving a link between Zyprexa and Ms. Brown's death or health problems. As described above, however, it is the plaintiff's burden to make out a prima facie case. See Williams, 921 So. 2d at 1273.

On appeal, Brown does not challenge the findings of the District Court, but rather argues that because the court failed to consider the actions of Noxubee and Baptist together with the actions of Lilly, the court "was without the necessary evidentiary predicate to consider a vast majority of Lilly's argument in support of its motion for summary judgment." This argument fails because we have determined that the time to appeal the court's grant of summary judgment in favor of Noxubee and Baptist has passed in any event. Moreover, with respect to the remaining defendant, Eli Lilly, Brown has offered no argument as to how Zyprexa proximately caused Ms. Brown's death or why the District Court erred in finding that Brown failed to make out a prima facie case. See Bennett, 821 So. 2d at 807 (requiring a plaintiff in a prescription drug case to prove causation). These arguments are therefore deemed abandoned. See Yueqing Zhang v. Gonzales,

[2] Under Case Management Order 32, and pursuant to Mississippi pre-suit requirements, Brown was directed to produce a "case-specific expert liability report." When the deadline passed without Brown having supplied the requisite report, the parties submitted a joint proposal that Brown would either produce an expert report or dismiss the claims against Lilly. Apparently, Brown's counsel stated that he would not be investing in an expert evaluation and was leaving the matter to Brown, as the plaintiff, to handle. Despite not having produced the report, Brown did not dismiss the claims against Lilly.

17

426 F.3d 540, 546 n.7 (2d Cir. 2005) (deeming an argument abandoned because the petitioner only dedicated "a single conclusory sentence to the argument"). The District Court did not err in granting summary judgment in favor of Eli Lilly.

IV.    Conclusion

For the foregoing reasons, the appeals from the judgments entered in favor of Noxubee General Hospital and Baptist Memorial Hospital are dismissed, and the judgment dismissing the action against Eli Lilly and Company is affirmed.