**Peter ONITIRI, Plaintiff–Appellant,**

v.

**SEAL SECURITY, Defendant–Appellee.**

No. 15–578–cv.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2016.

Peter Onitiri, pro se, Brooklyn, NY, for Plaintiff–Appellant.

Alan Serrins, Serrins Fisher LLP, New York, NY, for Defendant–Appellee.

PRESENT: B.D. PARKER, DENNY CHIN, and SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Peter Onitiri, proceeding *pro se,* appeals the district court's grant of summary judgment in favor of his former employer, Seal Security, and dismissal of his claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir.2003). We draw all inferences in favor of the non-moving party, but that "party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs., Inc.,* 781 F.3d 42, 44 (2d Cir.2015) (quoting *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir.2011)).

Upon review, we conclude that the court properly granted Seal Security's motion for summary judgment. We affirm for substantially the reasons stated by the district court in its February 5, 2015 decision. As the district court found, a reasonable jury could only conclude that Onitiri was fired for a legitimate, non-discriminatory reason: he abandoned his post and was found sleeping in a client's conference room with the lights off, in violation of Seal Security's company policy.

We have considered all of Onitiri's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.