*15-578-cv*
*Onitiri v. Seal Security LLC*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand sixteen.

PRESENT: BARRINGTON D. PARKER,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
PETER ONITIRI,

        *Plaintiff-Appellant*,

        v.                                    15-578-cv

SEAL SECURITY,

        *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          Peter Onitiri, *pro se*, Brooklyn, New York.

FOR DEFENDANT-APPELLEE:          Alan Serrins, Serrins Fisher LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Peter Onitiri, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of his former employer, Seal Security, and dismissal of his claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We draw all inferences in favor of the non-moving party, but that "party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)).

Upon review, we conclude that the court properly granted Seal Security's motion for summary judgment. We affirm for substantially the reasons stated by the

2

district court in its February 5, 2015 decision.   As the district court found, a reasonable jury could only conclude that Onitiri was fired for a legitimate, non-discriminatory reason:   he abandoned his post and was found sleeping in a client's conference room with the lights off, in violation of Seal Security's company policy.

We have considered all of Onitiri's arguments and find them to be without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk