*Kaufman LLC v. Derzaw*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-three.

PRESENT:

> ROSEMARY S. POOLER,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges*.

---

KAUFMAN LLC, ALAN KAUFMAN,

> *Plaintiffs-Appellants*,

v.                                                          No. 20-1782

RICHARD LAWRENCE DERZAW, STEVEN G. STORCH, JASON LEVIN,

> *Defendants-Appellees*,

ESTATE OF HERBERT FEINBERG, NORMAN ARNOFF,

> *Defendants*.[*]

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiffs-Appellants:** | Alan H. Kaufman, Kaufman PLLC, New York, NY. |
| **For Defendant-Appellee Richard Lawrence Derzaw:** | Cristin E. Sheehan, Morrison Mahoney LLP, Hartford, CT. |
| **For Defendants-Appellees Steven G. Storch and Jason Levin:** | Jonathan J. Kelson, Jonathan P. Whitcomb, Danielle B. Charlot, Diserio Martin O'Connor & Castiglioni LLP, Stamford, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter is **REMANDED** for further proceedings consistent with this order as to Steven Storch and Jason Levin, and **DISMISSED** for lack of appellate jurisdiction as to Richard Derzaw.

Attorney Alan Kaufman and his law firm, Kaufman LLC (collectively, "Kaufman"), appeal the district court's dismissal of several of their common-law and statutory claims against Kaufman's former client, Herbert Feinberg, and his new attorneys, Norman Arnoff, Derzaw, Storch, and Levin. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This appeal arises from an attorney-client relationship turned sour. Kaufman represented Feinberg from March 2009 to September 2010, but later "resigned" and sued Feinberg after he stopped paying legal fees. Dist. Ct. Doc. No. 132-2 at 3–4. Feinberg and his subsequently retained lawyers – Arnoff, Derzaw, Storch, and Levin – proceeded to file grievance complaints against Kaufman in Connecticut, New York, Massachusetts, and the District of Columbia, which were eventually dismissed. Kaufman then commenced this federal action against the defendants, alleging (1) vexatious litigation under Connecticut common law and Connecticut General Statute § 52-568, (2) civil conspiracy under Connecticut common law, and (3) attorney misconduct, in violation of New York Judiciary Law § 487. The district court subsequently dismissed all claims against Storch and Levin, as well as Kaufman's section 487 claim, and all claims against all the defendants based on grievances filed in New York, Massachusetts, and the District of Columbia. The court, however, permitted the vexatious-litigation and civil-conspiracy claims against Feinberg, Derzaw, and Arnoff that were "based on the grievance complaint filed in Connecticut" to proceed. App'x at 247–48.

Of relevance here, the district court issued a certification under Rule 54(b) of the Federal Rules of Civil Procedure for an interlocutory appeal of all claims

3

against Storch and Levin. The order began by reciting verbatim the language of Rule 54(b). It then noted that the court's motion-to-dismiss order "terminated Mr. Storch and Mr. Levin as Defendants in this case due to lack of subject matter and personal jurisdiction," *id.* at 249, and constituted "a decision that end[ed] the litigation on the merits and le[ft] nothing more for the court to do but execute the judgment," *id.* (internal quotation marks omitted). Kaufman timely appealed the district court's judgment as to Storch and Levin.

A district court's determination under Rule 54(b) is reviewed for an abuse of discretion. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). In light of our "historic federal policy against piecemeal appeals," a final judgment should be entered "only after all claims have been adjudicated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (internal quotation marks omitted). But Rule 54(b) functions as a narrow exception to this general principle, providing immediate appellate review where it is needed to avoid inequitable outcomes. *See id.* at 310, 314. Specifically, that rule provides that a district court may enter a final judgment if (1) "the case include[s] either multiple claims, multiple parties, or both and that one or more but fewer than all the claims have been finally decided or that all the rights and liabilities of at least one party have been

4

adjudicated," and (2) a court has found expressly "that there is no just reason to delay an appeal."  10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2655 (4th ed. Apr. 2023 Update); *see also* Fed. R. Civ. P. 54(b).

The district court's Rule 54(b) certification falls short of these requirements and is therefore "insufficient to confer appellate jurisdiction."  *Novick*, 642 F.3d at 310.  The present case involves multiple claims, only some of which have been resolved by the district court.  *Compare* Dist. Ct. Doc. No. 132-2 at 14–20, *with* App'x at 247–48.  There are also multiple parties, and the rights and liabilities of two of them, Storch and Levin, have been fully adjudicated.  *Compare* Dist. Ct. Doc. No. 132-2 at 2–3, *with* App'x at 247, 249.[1]

Nonetheless, we have long held that a district court must also "provide a reasoned, even if brief, explanation of its considerations" in finding "no just reason for delay."  *Novick*, 642 F.3d at 310 (internal quotation marks omitted).  And while a district court's "failure to state reasons" may be "excused," an immediate appeal is appropriate only if "the reasons" for an immediate appeal are "obvious" and

---

[1] The district court's order entered "a final judgment as to Mr. Kaufman's claims against Mr. Storch and Mr. Levin" only, making no reference to any of the other defendants or claims. App'x at 249.  "Because the previously dismissed claims" against Derzaw "were not mentioned, and thus not adequately certified by the district court's Rule 54(b) order, we may not review them here."  *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 859 F.3d 178, 187–88 (2d Cir. 2017).

"a remand to the district court would result only in unnecessary delay in the appeal process." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 355 (2d Cir. 2011) (internal quotation marks and alterations omitted).

Here, the district court provided no reasons as to why its Rule 54(b) certification was appropriate. *See Nat'l Bank of Wash. v. Dolgov*, 853 F.2d 57, 58 (2d Cir. 1988). Beyond indicating that the court reached a final decision regarding the claims against Storch and Levin, the certification provided "mere boiler-plate approval," *Novick*, 642 F.3d at 310 (internal quotation marks omitted), and "little more than repetition of the Rule's phraseology," *Fletcher v. Marino*, 882 F.2d 605, 609 (2d Cir. 1989).

Moreover, the reasons for certification are not so "obvious" that "a remand to the district court would result only in unnecessary delay." *Brown*, 654 F.3d at 355 (internal quotation marks and alterations omitted). "To be appropriate, a Rule 54(b) certification must take account of both the policy against piecemeal appeals and the equities between or among the parties." *Novick*, 642 F.3d at 310. In this case, the dismissed claims against Storch and Levin and the surviving claims against Feinberg and his other lawyers implicate "the same or closely related issues," *id.* at 311, which arise from facts concerning the Feinberg-Kaufman

6

relationship, unpaid attorneys' fees, and the four grievance actions. As such, certification is unlikely to "advance the interests of sound judicial administration or efficiency" because it creates a risk of "piecemeal appeals that [would] require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Id.* (internal quotation marks omitted).[2] Nor does the balance of "equities favor entry of such a judgment." *Id.* at 314. There is no indication that Storch and Levin would suffer any pecuniary harm or that public concerns militate against postponing appellate review until the district court has disposed of all claims in the case.

Nonetheless, rather than immediately dismissing this appeal for lack of a final judgment, we **REMAND** as to Storch and Levin pursuant to the procedure set out in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994). On remand, the district court may once again enter an order certifying the dismissals of the claims against Storch and Levin for immediate entry of a partial final judgment pursuant

---

[2] It is true that if Kaufman were to prevail on this appeal, an entirely new trial for Storch and Levin further down the road might be avoided. But the risk of a subsequent trial, standing alone, is insufficient to make Rule 54(b) appropriate in this case. *See, e.g., Hogan v. Consol. Rail Corp.,* 961 F.2d 1021, 1025–26 (2d Cir. 1992) (holding that Rule 54(b) certification was an abuse of discretion where district court's reason for granting certification was to avoid retrial if its assessment of the evidence was erroneous); *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 185 (2d Cir. 1978) ("The policy against piecemeal appeals of intertwined claims should not be subverted by the specters of additional trials summoned up by the able district judge.").

to Rule 54(b), provided that it also supplements the record with a reasoned, even if brief, explanation of its view as to why an interlocutory appeal would be appropriate. In such an event, any party can have the appeal reinstated by filing a letter with the Clerk of this Court within thirty days, advising that the appeal should be reinstated and attaching a copy of the relevant supplemental order. No new notice of appeal or additional filing fee would be required.

If the district court on remand elects instead to complete the proceedings against the remaining defendants before entry of a final judgment, a party to the present appeal that is challenging a ruling *listed* in the original notice of appeal may have the appeal reinstated by filing a letter with the Clerk and attaching a copy of the relevant supplemental order. Alternatively, if an aggrieved party seeks to challenge a ruling *not listed* in the original notice of appeal, that party may file a notice of cross-appeal or an amended notice of appeal to have the appeal reinstated. A filing fee would be required for any cross-appeal.

In the interest of judicial economy, any reinstated appeal will be assigned to this panel. We **DISMISS** that part of the appeal involving Derzaw for lack of appellate jurisdiction. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8