24-1236-cv
*Khazin v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

---

VALENTIN KHAZIN,

> *Plaintiff-Appellant*,

v.                                                            24-1236-cv

CITY OF NEW YORK, SYLVESTER GE, JOHN SANFORD, JONATHAN LIPKE, MARC LEVINE, STEPHEN BRATHWAITE, VINCENT GREANY, MICHAEL LAU, MICHAEL DIAZ, DANIEL BROWN, LAWRENCE HAWKINS,

> *Defendants-Appellees*.[*]

---

---

[*] The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

FOR PLAINTIFF-APPELLANT:                    John Scola, Law Office of John A. Scola, PLLC, New York, New York.

FOR DEFENDANTS-APPELLEES:                   Richard Dearing, Rebecca L. Visgaitis, Jennifer Lerner, *for* Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on March 30, 2024, is **AFFIRMED**.

Plaintiff-Appellant Valentin Khazin appeals from the district court's grant of summary judgment in favor of Defendants-Appellees City of New York, Sylvester Ge, John Sanford, Jonathan Lipke, Marc Levine, Stephen Brathwaite, Vincent Greany, Michael Lau, Michael Diaz, Daniel Brown, and Lawrence Hawkins. As relevant here, Khazin, a former New York City Police Department ("NYPD") sergeant, brought employment retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). [1] The claims arise from Defendants' alleged retaliation against Khazin after he purportedly refused to discriminate against a Black subordinate officer and later lodged several complaints with the NYPD's Office of Equal Employment

---

[1] Khazin also brought a claim for municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), as well as a retaliation claim under 42 U.S.C. § 1983. Khazin voluntarily withdrew his *Monell* claim. The district court granted summary judgment in favor of Defendants on Khazin's Section 1983 claim. Khazin does not challenge that determination on appeal. Accordingly, any challenge is abandoned. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 294 (2d Cir. 2008).

2

("EEO"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citation omitted). We may affirm a grant of summary judgment "on any basis that finds support in the record." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015).

## I. Title VII Claim

Title VII retaliation claims are governed by the three-step burden-shifting framework articulated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802–04 (1973). First, to establish a *prima facie* case of retaliation, a plaintiff must demonstrate that "(1) she engaged in protected activity, (2) the defendant was aware of that activity, (3) she was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions." *Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023).

If the plaintiff makes out a *prima facie* case, the burden shifts to the defendant to provide "a legitimate, non-retaliatory reason for the allegedly retaliatory action." *Id.* at 178. Once the defendant does so, "the presumption of retaliation dissipates, and the plaintiff must prove that the

3

desire to retaliate was the but-for cause of the challenged employment action." *Id.* (internal quotation marks and citation omitted).

In awarding summary judgment to Defendants, the district court correctly held that Khazin failed to make out a *prima facie* case that Defendants retaliated against him for refusing to follow instructions that he believed treated a Black supervisee, Officer Dana Harge, unfairly. *See Khazin v. City of New York*, No. 17-cv-3779 (LDH) (TAM), 2024 WL 1345739, at *6 (E.D.N.Y. Mar. 29, 2024). "[I]mplicit in the requirement that the employer ha[s] been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted). Here, despite receiving instructions from his commanding officer to the contrary, Khazin allowed Officer Harge to take a day off and to leave work early another day. Even assuming *arguendo* that Khazin's failure to follow instructions constituted protected activity, nothing in the record suggests that Khazin indicated, or that Defendants could reasonably have understood, that his refusal was in protest of alleged discrimination against Officer Harge. Khazin therefore has failed to show that Defendants were aware of his purported protected activity—a requirement for establishing his *prima facie* case.

Turning to the employment actions that Khazin alleges Defendants took in retaliation to his filing of formal EEO complaints, the district court held that several of the alleged retaliatory acts do not constitute materially adverse employment actions. *See Khazin*, 2024 WL 1345739, at *7–8. With respect to a retaliation claim, a "materially adverse" action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and

4

citation omitted); *see Muldrow v. City of St. Louis*, 601 U.S. 346, 357 (2024) (reiterating that the "materially adverse" standard applies to Title VII retaliation claims). On *de novo* review, we find no error in the district court's determination that some of Defendants' actions, including, for example, placing Khazin on a waitlist for a training program, do not rise to the level of material adversity. *See Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) ("[P]etty slights or minor annoyances that often take place at work and that all employees experience do not constitute actionable retaliation." (internal quotation marks and citation omitted)).

As for the employment actions that the district court assumed were materially adverse, the district court held that Khazin failed to establish a *prima facie* causal connection between the protected activity and the materially adverse actions. *See Khazin*, 2024 WL 1345739, at *8–9. On appeal, Khazin argues that this conclusion was erroneous. However, we need not address this issue because, even assuming *arguendo* that Khazin established a *prima facie* case, he failed to produce evidence to meet his burden at the third step of the *McDonnell Douglas* inquiry. Defendants articulated legitimate, non-retaliatory reasons for those adverse actions—namely, that they were disciplinary measures taken against Khazin for violating NYPD rules, including his unsanctioned off-duty activities. Once the burden shifted back to Khazin, he failed to demonstrate that retaliation was the but-for cause of Defendants' employment actions by producing evidence from which a rational juror could conclude that Defendants' proffered legitimate, nonretaliatory explanations were false or pretextual. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

As the district court noted, Defendants demonstrated that much of the discipline that is the basis for Khazin's retaliation claim arose from an independent investigation of his unauthorized off-duty employment that began in December 2015 and concluded in March 2016, months before

he filed his first formal complaint in June 2016. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise."). Further, Defendants disciplined Khazin in 2018 and 2019—more than one year after his last alleged protected activity in February 2017—as a consequence of an investigation into his unfounded anonymous accusation that his supervising lieutenant engaged in a hit-and-run while intoxicated, as well as his unsanctioned off-duty employment. *See Burkybile v. Bd. of Educ. of Hastings-on-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 314 (2d Cir. 2005) (finding no inference of causation where "more than a year passed" between protected activity and alleged retaliation).

Khazin's "vehement[] refut[ation] [of] each disciplinary charge he was issued," Appellant's Br. at 33, without more, is insufficient to demonstrate falsity or pretext, *see Hicks*, 593 F.3d at 166 ("Mere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." (alterations adopted) (internal quotation marks and citation omitted)). Indeed, Khazin admitted that, in September 2017, he had not witnessed the hit-and-run incident reported in his anonymous complaint and had no personal knowledge that such an event had occurred. In addition, Khazin admitted to engaging in off-duty employment while on sick report with the NYPD.

Khazin's reliance on conclusory affidavits attesting to Defendants' retaliatory motive is similarly unavailing. Those affidavits generally aver that Defendants acted with retaliatory intent towards Khazin but provide little to no factual basis for such contentions. For example, Sergeant Fritz Glemaud's affidavit recites in a conclusory manner that "[w]hen Sergeant Khazin failed to follow upper management[']s narrative towards Harge, he had an ever-growing target on his back."

6

App'x at 873. Khazin cannot rely on such "conclusory allegations [and] unsubstantiated speculation" to defeat summary judgment. *Brown*, 654 F.3d at 358. In short, construing the evidence most favorably to Khazin, no rational jury could find that Khazin's formal complaints of discrimination were the "but-for" cause of the alleged materially adverse actions.

Accordingly, the district court correctly granted summary judgment to Defendants on Khazin's Title VII retaliation claim.

## II.     Constructive Discharge Claim

Khazin's challenge to the district court's grant of summary judgment as to his constructive discharge claim is also unpersuasive. Like the other alleged adverse employment actions discussed *supra*, Khazin has not presented evidence of a causal connection between the alleged constructive discharge and any protected activity. *See Bright-Asante v. Saks & Co., Inc.*, 855 F. App'x 40, 42 (2d Cir. 2021) (summary order) (concluding summary judgment on a constructive discharge claim was appropriate because plaintiff "ha[d] not presented evidence that would support an inference of discriminatory intent"); *Pleener v. N.Y.C. Bd. of Educ.*, 311 F. App'x 479, 482 (2d Cir. 2009) (summary order) (affirming a grant of summary judgment on a constructive discharge claim because plaintiff had "adduced no evidence that racial bias informed that decision"). The district court therefore did not err in granting summary judgment on this claim.

## III.     NYSHRL and NYCHRL Claims

Finally, to the extent Khazin argues that the district court should not have granted summary judgment on his NYSHRL and NYCHRL claims because it erroneously applied a heightened standard for determining what constituted an adverse action under those statutes, that argument was not sufficiently presented to this Court and has therefore been waived. Khazin's opening brief merely notes that "[u]nder the more lenient NYCHRL and NYSHRL standards, a plaintiff must

simply demonstrate by a preponderance of the evidence[] that he was 'treated less well than other employees because of (his protected characteristic).'" Appellant's Br. at 37 (quoting *Mihalik v. Credit Agricole Cheuvrex N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)). It then goes on to explain the holding of a New York state court case, summarily describes the adverse actions he has "plead[ed]," and states in conclusory fashion that those actions "were done purposefully to dissuade someone from engaging in protected activity." Appellant's Br. at 38. Such failure to present arguments as to which specific portions of the district court's analysis was in error, and why that analysis was erroneous, constitutes abandonment of the challenge. *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012) ("[A]n appellant must advance an argument, and we generally will decline to consider issues that are not sufficiently argued." (internal quotation marks and citation omitted)); *Brown*, 654 F.3d at 359 (deeming challenge "abandoned" where appellant "has offered no argument as to . . . *why* the [d]istrict [c]ourt erred" (emphasis added)). Khazin's belated attempt to more fully argue these points in his reply brief does not save the challenge. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").

In sum, beyond those arguments we have already rejected *supra* in the Title VII context, Khazin has raised no other basis to overturn the district court's determinations on his NYSHRL and NYCHRL claims. Therefore, we affirm the district court's grant of summary judgment to Defendants on those claims.

*     *     *

We have considered Khazin's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court